Robert J. Drury
P. O. Box 720545
San Jose, CA 95172
(408) 372-6011 Telephone
Robb.drury@gmail.com
PLAINTIFF PRO SE

David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
UNITED COLLECTION BUREAU, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. DRURY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>    Defendant. | Case No.: 5:12-cv-03113-HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Fed. R. Civ. P. 26(f)<br><br>**Magistrate Judge Howard R. Lloyd<br>Date: August 21, 2012<br>Time: 1:30 p.m.<br>Room: 2 – 5th Floor** |

    Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*, Plaintiff Pro Se, ROBERT J. DRURY and counsel for Defendant, UNITED COLLECTION BUREAU, INC. ("UCB") conferred to discuss the matters set forth in Rule 16 and Rule 26(f) of the *Federal Rules of Procedure*, and the Court's Order, setting the Initial Case Management Conference. The Plaintiff Pro Se and UCB (hereinafter collectively referred to as the "Parties") hereby submits this Joint Case Management Statement.

///

### 1. Jurisdiction and Service:

The Parties agree that this Court's jurisdiction is based on 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

The Parties are not aware of any issues regarding personal jurisdiction or venue.

At this time, Plaintiff is not aware of any additional parties to be served, but asks that the time for service remain open until the completion of discovery.

### 2. Facts:

**Plaintiff:**

Plaintiff alleges that UCB violated the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* ("FCRA"); Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"); and California Rosenthal Fair Debt Collection Practices Act, California *Civil Code* §§1788, *et seq.* (the "Rosenthal Act"). Specifically, Plaintiff claims that UCB obtained Plaintiff's credit report without a "permissible purpose" under the FCRA. Plaintiff's FDCPA and the Rosenthal Act claims are based on UCB's alleged failure to properly respond to Plaintiff's request for validation of the subject debt and to cease collection activity until UCB properly validated the debt.

**Defendant:**

Defendant denies Plaintiff's allegations and claims for damages.

### 3. Legal Issues

**Plaintiff:**

Plaintiff alleges Defendant violated the FCRA, FDCPA and the Rosenthal Act. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §1681b of the FCRA, 15 U.S.C. §1692g(b) of the FDCPA, and California *Civil Code* §1788.13(f) and 1788.17 of the RFDCPA.

///

///

**Defendant:**

Defendant denies that it violated the FCRA, FDCPA or Rosenthal Act. UCB contends that it had a "permissible purpose" under the FCRA to obtain Plaintiff's credit report because it was in connection with the "collection of an account, of the consumer." 15 U.S.C. §1681b(a)(3)(A). Furthermore, UCB contends that it sent Plaintiff verification of the debt pursuant to 15 U.S.C. §1692g(2)(4).

### 4. Motions

**Plaintiff:**

If warranted, Plaintiff anticipates filing a motion for summary judgment after discovery has been completed.

**Defendant:**

UCB respectively reserves the right to file a motion for summary judgment/summary adjudication.

### 5. Amendment of Pleadings

**Plaintiff:**

Plaintiff does not intend to amend the Complaint at this time, but requests the right to do so until after his complete review of UCB's collection file regarding Plaintiff.

**Defendant:**

UCB does not intend to amend or supplement the pleadings at this time, but requests the right to do so after discovery has been conducted.

### 6. Evidence Preservation

Plaintiff and Defendant will preserve relevant evidence, including electronically filed documents.

///

**7.    Disclosures**

The parties will exchange the information required by *Federal Rules of Civil Procedure* 26(a)(1) on or before August 31, 2012.

**8.    Discovery**

The parties do not require any limitations on discovery. The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary. The parties jointly propose to the Court the following discovery plan:

a)   **All fact discovery will be commenced in time to be completed by March 15, 2013.**

The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the *Federal Rules of Civil Procedure*.

b)   **Disclosure of experts under *Federal Rules of Civil Procedure* 26 (e)(2) due:**

All parties will provide the disclosures required on or before April 15, 2013. Counter-designations of experts will be made on or before April 30, 2013. Expert discovery will be completed by June 3, 2013.

**9.    Class Action**

Not Applicable.

**10.   Related Cases**

None.

**11.   Relief**

Plaintiff seeks relief as follows: $3,500.00 for statutory violations and costs.

///

12. **Settlement and ADR**

The Parties agree to an early settlement conference with Plaintiff.

13. **Consent to a Magistrate Judge**

Plaintiff agrees to referral to a Magistrate Judge.

Defendant declines to have the matter tried before a Magistrate Judge.

14. **Other References**

No.

15. **Narrowing of Issues**

The Parties agree it is premature to attempt to narrow the issues.

16. **Expedited Scheduling**

The Parties agree this case cannot be handled on an expedited basis.

17. **Scheduling**

The Parties propose that the cut-off date for fact discovery be March 15, 2013; the cut-off for expert discovery be June 3, 2013; the last day for the Court to hear dispositive motions be July 31, 2013, a pretrial conference be held on August 15, 2013; and trial on August 26, 2013.

18. **Trial**

The Parties request a trial by jury. The parties estimate that this case will take approximately 3 days for trial. It is anticipated that the case will be ready for trial by August 26, 2013.

19. **Disclosure of Non-Party Interested Entities or Persons**

Not applicable.

///

///

///

///

**20. Other Matters**

None at this time.

Dated: August 14, 2012                    By: /s/Robert J. Drury
                                             Robert J. Drury
                                             PLAINTIFF PRO SE


Dated: August 14, 2012                    CARLSON & MESSER, LLP


                                          By: /s/ J. Grace Felipe
                                             David J. Kaminski
                                             J. Grace Felipe
                                             Attorneys for Defendant,
                                             UNITED COLLECTION BUREAU, INC.

07178.00/186262

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **August 14, 2012,** I served the foregoing document(s) described as: **JOINT CASE MANAGEMENT STATEMENT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ] **ELECTRONIC MAIL:** Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

[ ] **BY FACSIMILE-** I transmitted via telecopier machine such document to the offices of the addressees.

[ ] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **14th** day of **August 2012** at Los Angeles, California.

*Kathryn A. Brown*
Kathryn A. Brown

1
PROOF OF SERVICE

## SERVICE LIST
### Robert J. Drury v. United Collection Bureau, Inc.
### File No.: 07178.00

Robert J. Drury　　　　　　　　　　　　　　　Plaintiff Pro Se
P. O. Box 720545
San Jose, CA  95172
Phone:  (408) 372-6011
Email:  robb.drury@gmail.com

2
PROOF OF SERVICE